1

2

3

4                    UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF CALIFORNIA

6

7   Felipe Antonio,                    No.  2:14-cv-01278-GEB-CKD

8             Plaintiff,

9      v.                              **STATUS (PRETRIAL SCHEDULING)**
                                       **ORDER**
10  Shafiq Muhareb; Taghrid
    Muhareb; and The Waffle Shop,
11  Inc., a California
    Corporation,
12
              Defendants*.
13

14

15         A status (pretrial scheduling) conference was scheduled

16  in this case for September 15, 2014. Since the parties failed to

17  propose scheduling dates in their joint status report ("JSR") as

18  required, the following Order issues and the status conference is

19  vacated.

20                    DISMISSAL OF DOE DEFENDANTS

21         Since Plaintiff has not justified Doe defendants

22  remaining in this action, Does 1-10 are dismissed. See Order

23  Setting Status (Pretrial Scheduling) Conference filed May 27,

24  2014, at 2 n.2 (indicating that if justification for "Doe"

25  defendant allegations not provided Doe defendants would be

26  dismissed).

27  _____

28  *   The caption has been amended according to the Dismissal of Doe
    Defendants portion of this Order.

                                1

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court for good cause shown.

DISCOVERY

All discovery shall be completed by December 8, 2015. "Completed" means all discovery shall be conducted so that any dispute relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with on or before the prescribed "completion" date.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before August 10, 2015, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before September 10, 2015.

MOTION HEARING SCHEDULE

The last hearing date for a motion is February 8, 2016, commencing at 9:00 a.m. Any motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for April 11, 2016, at 1:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing

1  themselves and appearing in propria persona must attend the

2  pretrial conference.

3       The parties shall file a JOINT pretrial statement no

4  later than seven (7) calendar days prior to the final pretrial

5  conference. **The joint pretrial statement shall address the**

6  **applicable portions of Local Rule 281(b), and shall set forth**

7  **each theory of liability ("claim") and affirmative defense which**

8  **remains to be tried, and the ultimate facts on which each**

9  **theory/defense is based.** Furthermore, each party shall estimate

10  the length of trial. The Court uses the parties' joint pretrial

11  statement to prepare its final pretrial order and could issue the

12  final pretrial order without holding the scheduled final pretrial

13  conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir.

14  1999) ("There is no requirement that the court hold a pretrial

15  conference.").

16       Final pretrial procedures are "critical for 'promoting

17  efficiency and conserving judicial resources by identifying the

18  real issues prior to trial, thereby saving time and expense for

19  everyone.'" Friedman & Friedman, Ltd. v. Tim McCandless, Inc.,

20  606 F.3d 494, 498 (8th Cir. 2010) (quoting Fed. R. Civ. P. 16

21  Advisory Committee Note (1983 Amendment to subdivision (c)).

22  "Toward that end, Rule 16 directs courts to use pretrial

23  conferences to weed out unmeritorious claims and defenses before

24  trial begins." Smith v. Gulf Oil Co., 995 F.2d 638, 642 (6th Cir.

25  1993). The parties are therefore provided notice that a claim or

26  affirmative defense may be dismissed *sua sponte* if it is not

27  shown to be triable in the joint final pretrial statement. Cf.

28  Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662

3

1  F.2d 641, 645 (9th Cir. 1981) (indicating that a party shall be

2  provided notice and an opportunity to respond with facts

3  sufficient to justify having a claim or affirmative defense

4  proceed to trial); Portsmouth Square, Inc. v. S'holders

5  Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985) (stating "the

6  district court has . . . authority to grant summary judgment *sua*

7  *sponte* in the context of a final pretrial conference").

8          If feasible, at the time of filing the joint pretrial

9  statement counsel shall also email it in a format compatible with

10  WordPerfect to: geborders@caed.uscourts.gov.

11                        TRIAL SETTING

12          Trial shall commence at 9:00 a.m. on July 12, 2016.

13          IT IS SO ORDERED.

14  Dated:   September 4, 2014

15

16

17  _____
    GARLAND E. BURRELL, JR.
    Senior United States District Judge

18

19

20

21

22

23

24

25

26

27

28

                          4