1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FELIPE ANTONIO,                          No.  2:14-cv-1278 JAM CKD

12              Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   SHAFIQ MUHAREB, et al.,

15              Defendants.

16

17        Plaintiff's motion for default judgment came on regularly for hearing April 27, 2016.

18   Amanda Lockhart appeared for plaintiff.  No appearance was made for defendant.[1]  Upon review

19   of the documents in support, no opposition having been filed, upon hearing the arguments of

20   counsel, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS

21   FOLLOWS:

22        Plaintiff is a paraplegic who uses a wheelchair.  Defendant operates a restaurant located in

23   Oroville, California.  The complaint alleges that plaintiff visited the subject establishment in July,

24   2013 and April, 2014 and encountered architectural barriers which denied him full and equal

25   access.

26   /////

27

28   [1]  The two individually named defendants have been dismissed from this action.  ECF Nos. 9, 21.
     The sole remaining defendant is The Waffle Shop, Inc.

                                           1

1    The record reflects that defendant The Waffle Shop, Inc. acknowledged receipt of

2  summons and the complaint on August 12, 2014.  ECF No. 6.  Default was entered on September

3  March 10, 2016.  ECF No. 20.  Plaintiff thereafter filed a motion for default judgment with a

4  proof of service reflecting service of the motion on defendant.  Plaintiff seeks an entry of default

5  judgment in the amount of $8,000 pursuant to California Civil Code section 52(a)[2] and attorneys'

6  fees and costs in the amount of $4,890.00 as well as injunctive relief.[3]

7    Entry of default effects an admission of all well-pleaded allegations of the complaint by

8  the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court

9  finds the well pleaded allegations of the complaint state a claim for which relief can be granted.

10  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and

11  authorities and affidavits filed in support of the motion for entry of default judgment also support

12  the finding that plaintiff is entitled to the relief in the form of statutory damages, attorneys' fees

13  and injunctive relief requested in the prayer for default judgment, which does not differ in kind

14  from the relief requested in the complaint.  Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert.

15  denied, 419 U.S. 832 (1974).  Plaintiff is entitled to statutory damages for each "offense," i.e.,

16  each obstructed visit.  See Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 847 (9th Cir. 2004); see

17  also Feezor v. DeTaco, Inc., 431 F.Supp.2d 1088 (S.D. Cal. 2005).  The amount of attorneys' fees

18  requested by plaintiff is reasonable.  With respect to plaintiff's claim for injunctive relief, the

19  court finds that defendant has failed to provide an accessible restroom, as required by 28 Code of

20  Federal Regulations, Part 36, Appendix D, ("ADAAG").  There are no policy considerations

21  which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782

22  F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be considered by the court are possibility

23  of prejudice to the plaintiff, merits of plaintiff's substantive claim, sufficiency of the complaint,

24  sum of money at stake in the action; possibility of a dispute concerning material facts; whether

25

26  [2] The Unruh Civil Rights Act provides, in relevant part, for a minimum statutory damage amount of $4,000 per violation.  Cal. Civ. Code § 52(a).

27

28  [3] Plaintiff seeks injunctive relief requiring defendant to remove identified architectural barriers only to the extent such alterations are readily achievable.

2

1   the default was due to excusable neglect, and strong policy underlying the Federal Rules of Civil

2   Procedure favoring decisions on the merits).

3        Accordingly, IT IS HEREBY RECOMMENDED that:

4        1.  Plaintiff's motion for default judgment (ECF No. 22) against defendant The Waffle

5   Shop, Inc. be granted;

6        2.  Plaintiff be awarded statutory damages in the amount of $8,000.00 and attorneys' fees

7   and costs in the amount of $4,890.00, for the total sum of $12,890.00.

8        3.  Plaintiff be granted an injunction requiring defendant to provide readily achievable

9   property alterations to the property known as "The Waffle Shop, Inc." a facility located at 2107

10   Feather River Blvd., Oroville, California that consist of the following, all in accordance with the

11   Americans With Disabilities Act of 1990 (ADA) and the Americans With Disabilities Act

12   Accessibility Guidelines (ADAAG) contained in 28 Code of Federal Regulations Part 36,

13   Appendix D:  an accessible restroom (ADAAG (1991 Standards) 4.22.2, 4.13.5, 4.19.4, 4.2.6;

14   ADAAG (2010 Standards) 308.3).

15        4.  The Clerk of Court be directed to close this case.

16        These findings and recommendations are submitted to the United States District Judge

17   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18   after being served with these findings and recommendations, any party may file written

19   objections with the court and serve a copy on all parties.  Such a document should be captioned

20   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

21   within the specified time may waive the right to appeal the District Court's order.  Martinez v.

22   Ylst, 951 F.2d 1153 (9th Cir. 1991).

23   Dated:  April 28, 2016

24                         CAROLYN K. DELANEY

25                         UNITED STATES MAGISTRATE JUDGE

26

27   4 antonio1278.def

28